Hornblower, C. J.
The paupers i-n this case were removed by the order of two justices from the township of Franklin, in the county of Somerset, to the township of North Brunswick in the county of Middlesex, upon the ground, that their father, Levi Billyer, had obtained a settlement there, by serving an. apprenticeship. This order was affirmed by the .Quarter Sessions of Somerset, on an appeal to that court, by the township of North Brunswick.
Accompanying the return to the writ of Certiorari in this case, we have, sent to us here under the hands and seals of five of the Justices of the Sessions, not a statement of the facts, upon which their judgment was founded, but a statement of what the several witnesses swore to on the trial of the appeal. It has repeatedly *536 been said from this bench, that we do not sit here to decide facts. upon writs of Certiorari, and therefore, if upon reading the evidence which has been given below, I could find any legal proof of a service by Billyer, under an indenture of apprenticeship, although I might think such proof very weak and unsatisfactory, yet I should not feel at liberty to disturb the order of the Sessions, since it is their province to hear the evidence and determine the facts of the case.
Whether, however, there was any legal evidence of the existence of an indenture, or of the service of an apprenticeship, under an indenture, is a question of law, and I confess I ha%Te looked in vain, through the statement sent up here, to find any such evidence. If there is any such evidence, it must be found in the testimony of Levi Billyer, the father of the paupers; but instead of his swearing that he was ever bound an apprentice, to Robinson, the man with whom he lived in North Brunswick, or to any facts from which such binding can be inferred, he testifies that at the age of seventeen or eighteen years, he entered into an agreement and bound himself to live with Robinson a certain number of years — that Squire Phillips drew the agreement— that he always thought he was bound to serve Robinson the specified time, which he thinks was five years, and that he did work with him accordingly; that he always thought he was bound to obey Robinson’s commands, and that he received money from Robinson, but he does not know whether the agreement was sealed or not, nor does he know the contents of the agreement, nor can he say that he served Robinson under an indenture.— In all this we find not the least evidence of any binding by indenture of apprenticeship, nor of any thing that looks like it.— There is no evidence that the instrument was sealed, or that his father if living, was any party to it, nor that Robinson was to teach him any trade, each of which are essential to constitute an indenture of apprenticeship. (Hopewell v. Amwell, 1 Halst. 169, and see the opinion of Pennington, Justice, in another case between the same parties, 1 Penn., R. 422.)
Besides this, all the other witnesses examined, strongly negative the idea of Billyer’s serving under an indenture of apprenticeship. Mrs. Robinson testifies, that he always worked as a hand for her husband, for wages, that their apprentices always *537 boarded with them, and the journeymen and other hands always boarded out; and that Billyer never ate a meal in their house.
In short, I am at a loss to conceive how the Quarter Sessions, upon the evidence they have sent up here, could arrive at the conclusion that Billyer had acquired a settlement in North Brunswick, by serving an apprenticeship under an indenture, and certainly there is no pretence of a settlement acquired in any other way.
The order of removal, and the order of the Sessions, affirming that order, must both be quashed.
Foed, J.
This Certiorari brings up a decision of the Quarter Sessions of Somerset county, made concerning the settlement of Levi Bilyer’s three children, who were removed to the township of North Brunswick, from the township of Franklin, by orders, from which the former appealed. Settlements were claimed for these children, in North Brunswick not on the ground of birth in this township, nor on account of any act of their own, but under a derivative right from their father, Levi Bilyer, who acquired a settlement in North Brunswick, by serving an apprenticeship under indenture there, for several years with one David Robison, as is alleged. That he worked with David Bobison more than a year, is admitted by the parties on both sides, but the statute requires it to be an apprenticeship under indenture, in order to gain a settlement, and as the Sessions have sent up all the evidence in the case, it raises this simple point for our determination, whether it amounts to any proof of an apprenticeship under indenture. The law means by the word apprentice, the learner of a trade, but it distinguishes learners under indenture, from those without; giving to the former, a settlement, and to the latter none. It also meang by the word indenture, a deed under seals, and then distinguishes services under an agreement for wages, from service under an indenture.
If the Sessions had before them, any evidence of an apprenticeship under indenture, this court will not weigh it over after them, nor inquire whether they weighed it truly, for they are judges of fact exclusively and conclusively, in matters of settlement. But if they find a fact without any evidence of it, their finding is then contrary to law. Now it appears to me very clearly that *538 they had no evidence of Levi Bilyer’s service under an indenture. The only witness to prove the existence of an indenture, was this Levi Bilyer himself; for the workmen in the same shop only conjecture about an indenture which they never saw, and conjectures amount to no evidence in law. Now Levi swears to his service with David Robison, from the time he was seventeen or eighteen years old, for about five years; but he swears to the rendering of those services under an agreement, which was drawn up between him and David Robison, by Squire Phillips. He does not swear to any seals on this agreement, nor does the word import them in law. He received from Robison some money, he cannot remember how much, for his services, but will not say it was even an apprenticeship, nor that the agreement was an indenture, though he thinks he was to obey Mr. Robison. If he worked on Mr. Robison’s materials in the Coopers’ shop for wages, he was to obey directions about it of course, but this proves nothing at all of an indenture. The evidence entirely failed of a service under indenture, and the settlement in North Brunswick fails-necessarily with it. This conclusion results from the evidence of Mrs. Robison; with equal certainty. She testifies to Levi Billyer’s services as a hired person for wages, from the beginning; that he received low wages till he was able to make a tight barrel, and then fifty cents a piece. That her husband kept apprentices in the shop, who boarded and lodged in the house, and he always placed their indentures in her hands for safe keeping. That the journeymen and hired hands provided board out of the house, for themselves; that her husband had no indenture on Levi; that he never lodged or had a meal in the house, and was not an apprentice. She had the charge of her husband’s-shop business and accounts during his repeated absences abroad, in another branch of business; and says she could not be mistaken in the matter. The Sessions had no proof before them, therefore, of an apprenticeship under an indenture, and consequently committed an error in law, in adjudging a settlement to Levi Bilyer, or his children in his right, in the township of North Brunswick. Accordingly -the orders of removal, and orders of Sessions affirming them, must be all set aside.
"White, J. and Dayton, J. concurred.

Orders of the Justices, and of the Sessions, quashed.